9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Joseph BROWN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16732.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 24, 1993.*
Decided Nov. 4, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Joseph Brown appeals pro se from the district court's denial of his motion filed under 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel when his attorney failed to introduce exculpatory evidence at trial, and that the prosecution withheld exculpatory material in violation of Brady v. Maryland, 373 U.S. 83 (1963). We review the district court's ruling de novo while examining for clear error its determination of the underlying facts, see United States v. Roberts, No. 92-16660, slip op. 9967, 9971 (9th Cir. Sept. 16, 1993), and we affirm.
 
 
 3
 Brown first argues that he was deprived of a fair trial when his counsel failed to introduce into evidence an insurance policy and rental agreement to establish ownership of a housetrailer and control of property, as well as a flying lesson record and certain payroll records to establish an alibi. We reject this contention. The evidence at issue would have been cumulative at best, and harmful at worst, to Brown's defense. Accordingly, we cannot say that his lawyer's failure to introduce the evidence was conduct falling outside the range of professionally competent assistance demanded of defense counsel and deprived Brown of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).
 
 
 4
 Brown's second argument is that the government violated the Brady rule by failing to produce the lease agreement between him and Kitti Power, thereby depriving Brown of the ability to prove that he was not in possession or control of the property where criminal activity occurred and six pounds of methamphetamine were seized. This contention is meritless. Other evidence showed that a tenant was on Brown's property during the time in question. Had the jury seen the lease agreement it would have learned that it was Ms. Power--identified as Brown's girlfriend and a participant in the conspiracy--who was the tenant, and Brown's defense that he had neither knowledge of nor control over the criminal activity going on there would have been seriously undermined. Under these circumstances, the rental agreement cannot be considered exculpatory evidence favorable to Brown's defense, see United States v. Bagley, 473 U.S. 667, 675 (1985), and the district court did not err in concluding that no Brady violation occurred.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3